EDISTO RIVER LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11435. Promulgated February 7, 1928.

*J. F. Spoerri, Esq.*, for the petitioner.
*Alva C. Baird, Esq.*, and *J. Harry Byrne, Esq.*, for the respondent.

592

OPINION.

MARQUETTE: In its petition herein the petitioner alleges that it is entitled to include in its invested capital for the year 1917 the entire amount of $91,608.75, for which it issued preferred stock to Judd in 1918, but at the hearing it admitted that in any event it was not entitled to include that amount in invested capital until August 1, 1917, because it was not until that date that Judd accepted the proposition to surrender the notes and accept stock therefor. The respondent contends that the amount in question did not become part of the invested capital of the petitioner until June, 1918, when the contract was executed, the stock issued, and the notes canceled.

Upon consideration of the record before us we are of the opinion that the contention of the petitioner can not be sustained. Conceding that in August, 1917, Judd agreed to surrender the notes and to accept stock in exchange therefor, that fact did not of itself change the status of either Judd or the petitioner. The agreement was wholly executory and it was not carried into effect until June, 1918. In the meantime the notes were outstanding and still constituted obligations of the petitioner, and it may be noted that on the balance sheet attached to the petitioner's income and profits-tax return for 1917 they were included among its liabilities in the amount of $91,608.75 at the beginning of the year and $80,831.25 at the end of the year. The petitioner relies upon the decision of this Board in *Appeal of Middleton Compress & Warehouse Co.*, 1 B. T. A. 1145. However, in that case the money was actually paid in to the corporation with the understanding that stock would be issued therefor as soon as the necessary authority could be secured. On the part of the payor the contract was fully executed. The money was in the hands of, and belonged to the corporation from the day paid in and was properly held to be a part of its invested capital from that date. We do not consider that decision as supporting the petitioner's contention in the instant case.

In *Appeal of Warren-Lamb Lumber Co.*, 1 B. T. A. 786, the facts were that prior to January 1, 1917, C. T. Lamb made cash advances in amounts exceeding $200,000 to the taxpayer corporation, and as evidence of such advances the taxpayer executed and delivered to Lamb from time to time its promissory notes aggregating the amount of such advances. On or about the first day of April, 1918, the taxpayer's notes held by Lamb in the sum of $200,000 were exchanged for the preferred stock of the taxpayer company of the par value of $200,000.

It was alleged that at the time Lamb made the advances to the taxpayer corporation he intended that the amounts thereof should become a part of the invested capital of the taxpayer. In holding that the amounts in question did not become invested capital of the taxpayer corporation at any time prior to the date stock was issued in exchange therefor, we said:

It thus appears that even though we should accept the allegations of the taxpayer as evidence that Lamb, at the time when he made these advances, intended that the sum should become part of the invested capital of the business of the taxpayer, such intention was not actually carried out and made effective until the time when the notes, given by the taxpayer as evidence of the advances, were actually exchanged for the preferred stock shares of the taxpayer company, and this exchange not having taken place until after the close of the year 1917 we must necessarily hold that during the year 1917 these advances represented borrowed capital and not invested capital.

The situation we are considering in this proceeding is practically identical with that in *Appeal of Warren-Lamb Lumber Co., supra,* and we are of the opinion that the decision in that appeal is decisive of the question here presented. We accordingly hold that no part of the $91,608.75 in controversy herein should be included in the petitioner's invested capital for the year 1917.

*Judgment will be entered for the respondent*